UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
SCHARLENE FLYNN-RODRIGUEZ,

*Plaintiff,*

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JOHNNY CHENG,
Shield#:7824, and POLICE OFFICER "JOHN" CHOW ,
individually and in their official capacity as New York City Police
Officers, (the first name "John" being fictitious, as the
true first name is presently unknown),

*Defendants.*

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

JURY TRIAL
DEMANDED

*Civil Action No.* 1:14-cv-
02287 (JBW)(VMS)

Plaintiff **SCHARLENE FLYNN-RODRIGUEZ,** by her attorneys **NOVO LAW FIRM,**

**PC,** complaining of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE**

**DEPARTMENT, POLICE OFFICER JOHNNY CHENG, SHIELD#: 7824** (hereinafter,

**"POLICE OFFICER CHENG",** and **POLICE OFFICER "JOHN" CHOW , SHIELD#:**

**UNKNOWN,** (hereinafter, **"POLICE OFFICER CHOW "),** (the first name "John" being fictitious,

as the true first name is presently unknown) respectfully alleges, upon information and belief:

**PRELIMINARY STATEMENT**

1.      This is a civil rights action in which Plaintiff **SCHARLENE FLYNN-RODRIGUEZ** seeks

relief for Defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C.

§ 1983 and 42 U.S.C. § 1988, and of rights secured by the First, Fourth and Fourteenth

Amendments to the United States Constitution, and of rights secured under the laws and

Constitution of the State of New York.  Plaintiff seeks damages, compensatory and punitive,

affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other

and further relief as this Court deems equitable and just.

1

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.    Jurisdiction is also invoked herein pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

4.    Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5.    Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY DEMAND

6.    Plaintiff respectfully demands a trail by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

7.    Upon information and belief and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and the place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on Plaintiff's behalf on the Comptroller of Defendant **THE CITY OF NEW YORK** and that, thereafter, said Comptroller for Defendant **THE CITY OF NEW YORK** refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced.

2

8.      Upon information and belief, pursuant to General Municipal Law §50(h), a hearing was held at the office of a designated agent.

## PARTIES

9.      Plaintiff is 45 years old and at all times hereinafter mentioned was, and still is, a citizen of the United States residing at 1714 West 2nd Street, in the City of Brooklyn, County of Kings, and State of New York.

10.     Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

11.     Defendant **NEW YORK CITY POLICE DEPARTMENT** was, and still is, at all times relevant herein, a municipal corporation established and maintained by Defendant **THE CITY OF NEW YORK**.

12.     Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by Defendant **NEW YORK CITY POLICE DEPARTMENT**.

13.     Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** were, and still are, at all times relevant herein, duly appointed and acting officers, agents, servants, and

3

employees of Defendant **NEW YORK CITY POLICE DEPARTMENT** a municipal agency of Defendant **THE CITY OF NEW YORK**.

14. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** were, and still are, at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK,** were acting for, and on behalf of, and with the power and authority vested in them by Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

15. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** were, and still are, at all times relevant herein, male New York City Police Officers, assigned to the 62nd precinct located at 1955 Bath Avenue, Brooklyn, NY 10466.

16. Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** are sued individually.

## FACTS

17. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18. The events which gave rise to this litigation occurred on April 9, 2013 and have not concluded.

19. On or about April 9, 2013, at approximately 3:30 P.M., Plaintiff was a lawful pedestrian with her six (6) year old granddaughter on the sidewalk at, in front of or near her residence at 1757 Bath Avenue, in the County of Kings, City of Brooklyn and State of New York.

4

20.   At the above mentioned time and place, Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW,** in uniform, approached Plaintiff and, without probable cause of reasonable suspicion, demanded her identification.

21.   Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** violently pushed and/or shoved Plaintiff's granddaughter out of the way.

22.   Without reasonable suspicion, without probable cause and without any threat or reasonable belief of unlawful activity, Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** pushed Plaintiff against the patrol vehicle.

23.   Plaintiff's arms were violently pulled behind her back and handcuffed.

24.   Upon information and belief, Plaintiff pleaded to find a babysitter for her granddaughter before being transported to the precinct, but her pleas were ignored.

25.   Plaintiff was then shoved, pushed and her legs were pulled into the patrol vehicle.

26.   Upon information and belief, Plaintiff was not informed of nor read her Miranda Rights.

27.   While in the patrol vehicle, Plaintiff made several complaints of the handcuffs being extremely tight, she pleaded and requested for the handcuffs to be loosened, however, her requests were denied, resulting in severe wrist injuries and pain which lasted for several weeks thereafter.

28.   On or about April 9, 2013, Plaintiff was unjustly and falsely arrested and maliciously and falsely charged with criminal offenses and otherwise subjected to an excessive and unreasonable custodial detention and all association therewith.

29.   Plaintiff was transported to the 62nd precinct located at 1955 Bath Avenue, in the County of Kings, City of Brooklyn and State of New York.,

30.   She was fingerprinted, photographed, placed in a holding cell and otherwise ignored and denied any explanation for such detention.

31.   Plaintiff was then subject to unlawful and inappropriate pat downs and searches by Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW.**

32.   Upon information and belief, Plaintiff was denied any and all requests to make a phone call.

33.   Upon information and belief, Plaintiff informed the officers multiple times that she had several prescription medications that were medically necessary, but she was denied all access to her medication.

34.   With blatant disregard for Plaintiff's health and well-being, Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** withheld said medication and refused her legitimate pleas for the medication.

35.   Upon information and belief, Plaintiff made several pleas and/or requests for medical attention, but they were ignored and denied.

36.   After being held for multiple hours, Plaintiff was transported by EMS to Maimonides Hospital in the County of Kings, State of New York, where she was examined and treated, all while being handcuffed for the duration of the transport and hospital visit.

37.   After being discharged from the hospital, Plaintiff was transported back to the 62nd Precinct, where again she was placed into a holding cell for several hours.

38.   After an additional twelve (12) hours, Plaintiff was again handcuffed and transported to Central Bookings where again, she was fingerprinted, photographed, searched, and again placed into another holding cell where she spent approximately twenty-two (22) hours.

39.   Upon information and belief, at no point did Plaintiff resist arrest or disobey the arresting officer's commands.

40.   Upon information and belief, the cell was dirty, filled with bugs and otherwise grossly unsanitary.

41.     Upon information and belief, while in custody, Plaintiff was denied her prescription medications.

42.     Upon information and belief, while in custody, Plaintiff was denied food.

43.     Upon information and belief, while in custody, Plaintiff was denied water.

44.     Upon information and belief, while in custody, Plaintiff was denied a phone call.

45.     Upon information and belief, while in Central Bookings, Plaintiff was not informed of, nor, read her Miranda Rights, nor informed of what, if any, charges were being brought against her.

46.     Upon information and belief, Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** were yelling at her that she was "ruining their afternoon".

47.     Upon information and belief, after well over thirty-six (36) hours of being detained without probable cause, under inhumane and otherwise unsanitary conditions, deprived of food, water, medication and any reason or explanation, Plaintiff was finally released.

48.     Upon information and belief, Plaintiff's sister went to the 62nd precinct on or about April 9, 2013 and provided the desk sergeant at said precinct with a print-out of Ms. Flynn-Rodriguez's cellular phone number as well as a full and complete list of all incoming and outgoing text messages.   The cellular phone number was different than the number provided by the complaining victim, Rose Flynn and there were no text messages either outgoing or incoming to any of the numbers provided by Rose Flynn.

49.     On or about April 9, 2013, Plaintiff advised **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** and **NEW YORK CITY POLICE DEPARTMENT** that the Plaintiff previously filed orders of protection against Rose Flynn.

50. On or about April 9, 2013, Plaintiff advised **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** and **NEW YORK CITY POLICE DEPARTMENT** that it was Rose Flynn who was in violation of an order of protection, and not the plaintiff.

51. On or about April 9, 2013, Plaintiff advised **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** and **NEW YORK CITY POLICE DEPARTMENT** that Rose Flynn was attempting to harass, intimidate and threaten Plaintiff by any means possible.

52. On or about April 9, 2013, Plaintiff advised **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** and **NEW YORK CITY POLICE DEPARTMENT** that Rose Flynn was working in unison with Plaintiff's brother, Thomas Flynn who was also in violation of an order of protection.

53. On or about April 9, 2013, Plaintiff advised **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** and **NEW YORK CITY POLICE DEPARTMENT** that Thomas Flynn and Rose Flynn were stalking plaintiff Scharlene Flynn Rodriguez and sending messages to her.

54. On or about April 9, 2013, Plaintiff advised Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** AND **NEW YORK CITY POLICE DEPARTMENT** that as a result of the aforementioned respondent, Rose Flynn violating the order of protection, she was summoned to appear and failed to do so.

55. Defendants had confirmation that it was not Plaintiff's cellular phone.

56. Defendants had copies of Plaintiff's cellular phone records

57. Defendants had knowledge that it was a mere vendetta

58. On or about April 11, 2013, Plaintiff was released. Plaintiff continues to attend mandatory court appearances to the present day.

8

59.    Upon information and belief, despite having all of the above information, Defendants failed to relay this information to the assigned assistant district attorney.

60.    Upon information and belief, Defendants mislead, coerced and/or failed to properly inform the assigned district attorney.

61.    Defendants failed to give the assigned district attorney the details of the results of their investigation leading the assigned district attorney to believe that plaintiff had sent the alleged threatening text messages.

62.    Defendants failed to investigate leads, which clearly would have proven plaintiff's innocence.

63.    Defendants failed to turn over information, which would have proven plaintiff's innocence.

64.    On or about July 14, 2014, after over one (1) year of mandatory court appearances, all charges against Plaintiff were dismissed in full.

**AS AND FOR A FIRST CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983**
**BY THE CITY OF NEW YORK**

65.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

66.    At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department and through Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

67.    At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department, and through Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** had in effect and/or *de facto* policies, practices, customs and

9

usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

68.   Defendant **THE CITY OF NEW YORK** acting through its police department, and through Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **THE CITY OF NEW YORK** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **THE CITY OF NEW YORK**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

69.   As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
### BY NEW YORK CITY POLICE DEPARTMENT

70.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

71.   At all times material to this complaint, Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

72.   At all times material to this complaint, Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

73.   Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **NEW YORK CITY POLICE DEPARTMENT** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **NEW YORK CITY POLICE**

11

**DEPARTMENT**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

74.   As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A THIRD CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983**
**BY POLICE OFFICER CHENG**

75.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

76.   By his conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,** and **POLICE OFFICER CHOW**  acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

77.   As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY POLICE OFFICER CHOW

78. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

79. By his conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG,** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

80. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
### FALSE ARREST and FALSE IMPRISONMENT

81. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

82. By the actions described above, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE**

**OFFICER CHOW** caused Plaintiff to be falsely arrested and falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of Defendants were the direct and proximate cause of injury and/or damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

83.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>**AS AND FOR A SIXTH CAUSE OF ACTION**</u>
**DERELICTION OF DUTY. DEPRAVED INDIFFERENCE**
**AND FAILURE TO INTERCEDE**

84.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

85.     Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** were under a duty of safeguarding the public and ensuring the appropriate execution of Defendant **NEW YORK POLICE DEPARTMENT**'s role.  Plaintiff duly relied on Defendants' fulfillment of their policing duties.

86.     Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence.

87.    At the time of the incident, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** were observing and aware of the wrongful acts against Plaintiff.

88.    At the time of the incident, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved indifference to Plaintiff's well-being.

89.    Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

90.    Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence by falsifying evidence of probable cause to arrest and prosecute Plaintiff.

91.    As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA BATTERY

92.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15

93.     Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT,** are vicariously liable to Plaintiff for the individual Defendants', **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW,** common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

94.     Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** committed a battery on Plaintiff by her being handcuffed, pushed, shoved, fingerprinted and searched. The deprivation of food, water and sanitary conditions while in custody, was harmful, un-consented, and unjustified and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

95.     That by reason of the battery, Plaintiff was harmed physically and emotionally, all while unlawfully and illegally detained, and that Plaintiff was otherwise harmed as a result of the Defendants' actions.

96.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT
### UNDER NEW YORK STATE LAW
### VIA ASSAULT

97.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

98.     That on the aforementioned date, time and place, Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** committed the tort of assault against Plaintiff by causing

16

her to be in fear and/or apprehension of imminent and offensive harm and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

99. That Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** are vicariously liable to Plaintiff for the individual Defendants', **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW,** common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

100. That by reason of the aforesaid committed by Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW,** Plaintiff suffered and continues to suffer physical injury and that she was otherwise damaged.

101. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A NINTH CAUSE OF ACTION
### NEGLIGENCE

102. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

103. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** negligently caused injuries and otherwise damaged Plaintiff.  The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

104.   As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TENTH CAUSE OF ACTION
### VIOLATION OF SUBSTANTIVE DUE PROCESS

105.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

106.   Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** individually and collectively are liable pursuant to 42 U.S.C. § 1983 for abuses against Plaintiff that shock the conscience in violation of the Fourteenth Amendment to the United States Constitution.

107.   Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of Article 1, § 5 of the New York State Constitution.

108.   Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of New York law, rules and regulations.

109.   As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

110. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

111. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to manage, control, and supervise Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW**.

112. Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** negligently hired, screened, retained, disciplined, supervised and trained Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW**.

113. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to hire qualified and sufficient personnel in connection with the operation, management control, teaching at and/or supervision of Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW**.

114. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to train their employees so as to enable them to properly maintain order and control.

115. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to promulgate proper and/or adequate rules and regulations governing the proper care, guidance and/or supervision to be

provided and rendered by those agents, servants, officers and/or employees hired as New York City Police Officers.

116. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to provide a safe and proper environment.

117. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to prevent from being assaulted and battered while in their custody and control.

118. At all times relevant hereto, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** and/or said Defendants' agents, servants, employees and/or licensees were, jointly, severally and concurrently, negligent, careless and reckless in individually and collectively breaching each and every duty owed to Plaintiff.

119. The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** and/or said Defendants' agents, servants, employees and/or licensees, without any fault or negligence on the part of Plaintiff contributing thereto.

120. Defendant **THE CITY OF NEW YORK** acting through Defendant **NEW YORK CITY POLICE DEPARTMENT** and through Defendants **POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** had *defacto* to policies, practices, customs and usage, which were a direct and proximate cause of the unconstitutional conduct alleged herein.

121. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

122. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

123. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** negligently caused emotional distress and damage to Plaintiff. The acts and conduct of Defendants were the direct and proximate cause of emotional injury to Plaintiff and violated her statutory and common law rights as guaranteed by the laws in the U.S. Constitution, the Constitution of the State of New York, and under the Charter, laws, rules and regulations of the City of New York.

124. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL HARM

125. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

126. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** knowingly, unreasonably and maliciously sought to disturb Plaintiff by their individual and collective outrageous conduct.

127. This conduct includes, without being limited to, assaulting and battering Plaintiff while she was bound by handcuffs in their custody; unreasonably detaining her; depriving her of food, water

and proper medical care and subjecting her to multiple unreasonable searches and other intimidation tactics and violated her statutory and common law rights as guaranteed by the laws in the U.S. Constitution, the Constitution of the State of New York, and under the Charter, laws, rules and regulations of the City of New York.

128. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW** have caused Plaintiff humiliation, anxiety, fear, sleeplessness and severe distress.

129. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**UNDER THE UNITED STATES CONSTITUTION** and **42 U.S.C. § 1983**
**THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHENG** and **POLICE OFFICER CHOW**

130. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

131. By the actions described above, Defendants caused Plaintiff to be maliciously prosecuted without any probable cause, without reasonable suspicion, without any proper claims, without any right or authority to do so, illegally and with malice.

132. By the actions described above, Defendants initiated a prosecution against Plaintiff.

133. By the actions described above, Defendants lacked probable cause to believe the proceeding could succeed.

134. Defendants arrested and issued legal process in order to obtain collateral objectives outside the legitimate ends of the legal process and intimidating Plaintiff for their personal interest and

further to prevent Plaintiff from disclosing the aforementioned evidence of their misconduct.

135. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

136. The prosecution was ultimately terminated in favor of Plaintiff.

137. Defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage due to this malicious prosecution in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

138. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all Defendants:

     a.  Compensatory damages;

     b.  Punitive damages;

     c.  The convening and empanelling of a jury to consider the merits of the claims herein;

     d.  Costs, interest and attorneys' fees;

     e.  Such other further relief as this court may deem appropriate and equitable.

Dated:        New York, New York
              June 15, 2015

                                        Respectfully submitted,

                                        **NOVO LAW FIRM, PC**
                                        *Attorney for Plaintiff*


                                        By: Ellie A. Silverman, Esq. (4701868)
                                        299 Broadway, 17th Floor
                                        New York, New York 10007
                                        (212) 233-6686
                                        **File No. 13-2832**
                                        ellies@novolawfirm.com