UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCHARLENE FLYNN-RODRIGUEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>　– against –<br><br>SERGEANT JOHNNY CHENG, and<br>POLICE OFFICER ANTHONY CHOW.<br><br>　　　　　　　　　Defendants. | **MEMORANDUM AND ORDER**<br><br>14-CV-2287<br><br><br><br>FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br><br>★ AUG 0 1 2017 ★<br><br>BROOKLYN OFFICE |

| **Parties** | **Appearances** |
|---|---|
| Scharlene Flynn-Rodriguez | Ellie Amanda Silverman<br>Novo Law Firm, PC<br>299 Broadway<br>17th Floor<br>New York, NY 10007<br>Tel: 212-233-6686<br>Fax: 212-233-6687<br>ellies@novolawfirm.com |
| The City of New York<br>New York City Police Department<br>Police Officer Johnny Cheng<br>Police Officer Anthony Chow | Ashley Rebecca Garman<br>New York City Law Department<br>Office of Corporation Counsel<br>100 Church Street<br>New York, NY 10007<br>Tel: 212-356-3539<br>Fax: 212-788-9776<br>agarman@law.nyc.gov |



**JACK B. WEINSTEIN, Senior United States District Judge:**

## I. Introduction

In her original complaint Scharlene Flynn-Rodriguez brought a mélange of allegations against two New York City Police Department ("NYPD") officers; the majority have since been withdrawn or dismissed. At trial, the remaining claims are: (1) excessive force; (2) state assault and battery; (3) failure to intervene; and (4) malicious prosecution based on the charge of resisting arrest. At the close of the plaintiff's case, the defendants moved for judgment under Rule 50 on the malicious prosecution claim.

The District Attorney had probable cause to initiate and continue this prosecution on a number of criminal charges and would have continued it even if the police had lied about plaintiff's resisting arrest. A post-arraignment deprivation of plaintiff's liberty cannot be attributed to the police, or solely to the charge of resisting arrest. The motion to dismiss the malicious prosecution claim is granted.

## II. Facts

While on patrol in a marked police car, defendants, uniformed officers Anthony Chow and Johnny Cheng, received a radio order to arrest Ms. Flynn-Rodriguez for threatening to bomb a "school in Pennsylvania." Trial Transcript ("Trial Tr.") 298:15 – 21, July 26, 2017; Garman Decl. attached, Ex. A (Text Messages).

The NYPD had received the request to arrest her from Pennsylvania police. *Id.* When the officers arrived at Ms. Flynn Rodriguez's apartment and asked for her, they were informed by her husband that she was not home. *Id.* at 237:1 – 13. The officers left the building; they were approached by Ms. Flynn-Rodriguez on the street. *Id.* at 300:7 – 21. The officers asked for her identification and confirmed that she was the person they had been sent to arrest. *Id.* at

301:14 – 302:14. They succeeded in handcuffing her, forced her into their car, and drove her to the 62nd Precinct house. *Id.* Defendants contend that plaintiff resisted handcuffing, struggled, flailed her arms, and twisted and stiffened her body, refusing to enter the police car. *Id.* at 275:11–14; 303:1–7.

She testified that she was never told that she was being arrested. *See* Trial Tr. 31:15, July 25, 2017. She stated that the officers pressed into her shoulders and back while handcuffing her and placing her in the police car, causing serious injuries. *Id.* at 37:16 – 18.

After the arrest, Officer Cheng spoke with Rose Flynn, Ms. Flynn-Rodriguez's sister in law in Pennsylvania, over the phone. Decl. of Ashley R. Garman in Supp. of Defs.' Mot. for Partial Summ. J., Feb. 25, 2016, ECF No. 35 ("Garman Decl."), at Ex. L (Apr. 9 DIR). She told Officer Cheng that Ms. Flynn-Rodriguez had sent her text messages threatening her children and the lives of the children at their school with a bomb. *Id.*

A misdemeanor criminal complaint, signed by Officer Cheng, was filed in Kings County Criminal Court. It charged Ms. Flynn-Rodriguez with the following crimes in connection with Rose Flynn's March 6, 2013 complaint and Ms. Flynn-Rodriguez's alleged behavior on April 9, 2013:

- Criminal Contempt in the Second Degree, N.Y.P.L. § 215.50(3);
- Two counts of Aggravated Harassment in the Second Degree, N.Y.P.L. §§ 240.30(1)(A)-(B);
- Harassment in the Second Degree, N.Y.P.L. § 240.26(1); and
- Resisting Arrest, N.Y.P.L. § 205.30.

*See* Garman Decl. at Ex. I (Criminal Complaint); Court Ex. 16 (Certificate of Disposition).

Two days after her arrest, plaintiff was released on her own recognizance by the state court. Defs.' Local Civ. R. 56.1 Statement of Undisputed Material Facts, Feb. 25, 2016, ECF

No. 37 ("56.1 Statement"), at ¶ 47. Plaintiff had returned to court five times between April 11 and July 14, 2014, when the district attorney moved to dismiss all charges against her; her sister-in-law had never appeared to press charges. *Id.* at ¶ 48-49; Court Ex. 16 (Certificate of Disposition).

### III. Law

#### A. Rule 50 Motion

At a jury trial, once a party has been fully heard on an issue the opposing party may move for judgment as a matter of law. *See* Fed. R. Civ. P. 50(a). The court may grant judgment as a matter of law if it finds "there is no legally sufficient evidentiary basis for a reasonable jury to find for the opposing party on an issue essential to a claim." *See* Fed. R. Civ. P. 50(a)(1); *Tolbert v. Queens Coll.*, 242 F.3d 58, 70 (2d Cir. 2001).

#### B. Malicious Prosecution

To establish a claim for malicious prosecution a plaintiff must prove: (1) the initiation or continuation of a state criminal proceeding; (2) termination of the state criminal proceeding in plaintiff's favor; (3) lack of probable cause; (4) actual malice by the defendant; and (5) an independent deprivation of liberty. *See Murphy v. Lynn*, 118 F.3d 938, 944-47 (2d Cir. 1997).

The contested criminal charge allegedly causing the deprivation of liberty must be independent from other legally sufficient charges arising out of the same incident. *Coleman v. City of New York*, No. 16-915, 2017 WL 1422485, at *1 (2d Cir. Apr. 21, 2017). Where other charges are of equal or similar magnitude, and are supported by probable cause, there is no "independent deprivation of liberty." *Id.* at 3 (finding that an assault charge did not give rise to an independent deprivation of liberty where it was conceded that other charges arising out of the same incident were supported by probable cause). *See also Walker v. Sankhi*, 494 F. App'x 140,

143 (2d Cir. 2012) (summary order) (dismissing claim of malicious prosecution because plaintiff could not show an independent deprivation of liberty where he was already in custody for a burglary charge for which he was later convicted); *Othman v. City of New York*, No. 13-CV-4771 NGG RLM, 2015 WL 1915754, at *6 (E.D.N.Y. Apr. 27, 2015) (dismissing claim of malicious prosecution because plaintiff failed to allege a "deprivation of liberty that stems exclusively from those charges that may have terminated in his favor.").

## IV. Application of Law to the Facts

In view of the serious nature of the allegations against plaintiff, including a bomb-threat to a school, there was probable cause to initiate and continue criminal proceedings against her. In addition to resisting arrest, Ms. Flynn Rodriguez had been charged with criminal contempt in the second degree, aggravated harassment in the second degree, and harassment in the second degree—all arising out of the Pennsylvania bomb allegations.

The assistant district attorney was impelled to open and continue a prosecution with respect each of these charges. Nothing the defendants in this case could have said as to the nature of the interference with the arrest by the plaintiff could have had any effect on the district attorney's decision to commence the case and continue with it until the Pennsylvania matter had been sufficiently resolved. *See* Trial Tr. 41-43, July 31, 2017. An earlier dismissal with a subsequent bombing could not be chanced by the prosecution. *Id.*

Though Ms. Flynn-Rodriguez suffered a deprivation of liberty, the resisting arrest charge was not the sole cause of that deprivation; the deprivation was also caused by other charges that were supported by probable cause. The malicious prosecution claim is dismissed.

SO ORDERED.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Date: July 31, 2017
      Brooklyn, New York

# EXHIBIT A

Messages    +1 (347) 254-4...    Edit

(1/2) Rose lucy tells me what schools your kids go to lol i will tell david the info and give him the pics you kids will die and all the kids in there school    10:21 AM

(2/2) then after david and his friends finish they will mail there body parts arond of [REDACTED] and all the kids same for a [REDACTED] rose time is ticking tick tock

(1/2) Our people see you bring [REDACTED] to that small school across from the home btw tell [REDACTED] change

DEF000584

> Messages  +1 (347) 254-4...  Edit
>
> man there body parts arond of ▇ and all the kids same for a ▇ rose time is ticking tick tock
>
> (1/2) Our people see you bring I▇ to that small school across from the home btw tell I▇ change that red and black nike sweater and our people see a▇
>
> (2/2) going on the bus to wilson btw why dident I▇ and a▇ go to school today lol tick tock rose start byeing pine boxes

9 Apr 13

DEF000585

04/09/2013 17:16 6106782729 LOWER HEIDELBERG PD PAGE 03/18